

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-3-2006

# USA v. Diaz

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Diaz" (2006). *2006 Decisions.* Paper 1799.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1799

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1905

UNITED STATES OF AMERICA

v.

JUAN DIAZ,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00060-1)
District Judge:  Honorable Clarence C. Newcomer

Submitted Under Third Circuit LAR 34.1(a)
December 5, 2005

Before:  RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges

(Filed: January 3, 2006)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Juan Diaz was arrested in June of 2000 after selling heroin to a witness who was

cooperating with the government.  A search of Diaz's house, pursuant to a warrant,

yielded 751 packets of heroin, weighing 23.5 grams, and a loaded .25 caliber pistol.  Diaz

pleaded guilty to one count of possession of a controlled substance with intent to distribute within 1,000 feet of a school in violation of 21 U.S.C. § 860(a). The Presentence Investigation Report calculated Diaz's sentencing range at 188 to 235 months, using an offense level of 31 and criminal history category VI.[1]

Prior to sentencing, Diaz moved for downward departure from the recommended sentence pursuant to (1) U.S. Sentencing Guidelines Manual § 4A1.3 (2001), on the grounds that his criminal history category significantly overstated the seriousness of his criminal history; (2) U.S.S.G. § 5K2.0 and *Koon v. United States*, 518 U.S. 81 (1996), based on the conditions of his confinement; and (3) U.S.S.G. § 5K2.0 and *United States v. Salley*, 116 F.3d 76 (3d Cir. 1997), based on his claims of postconviction rehabilitation. The government opposed Diaz's motions, but moved for downward departure based on his cooperation under U.S.S.G. § 5K1.1. At a sentencing hearing on March 19, 2003, Judge Newcomer granted the government's motion, denied Diaz's motions, and sentenced Diaz to 180 months imprisonment, 6 years supervised release, a $2,500 fine and a special assessment of $100.

On appeal, Diaz argues that Judge Newcomer did not adequately explain the basis

---

[1]The PSI recommended, based on Diaz's three prior controlled substance convictions, that Diaz should be sentenced as a career offender within the meaning of U.S. Sentencing Guidelines Manual § 4B1.1 (2001). As a result of this recommendation, Diaz's base offense level, before a three-level acceptance of responsibility reduction, was enhanced from 22 to 34, and his criminal history category was increased from V to VI.

for his denial of Diaz's downward departure motions.[2] The government responds that we lack jurisdiction over this appeal because the decision whether to grant Diaz's motion was within the Judge's discretion. However, because we conclude that Diaz's appeal raises questions under *United States v. Booker*, 543 U.S. 220 (2005), we have jurisdiction pursuant to 18 U.S.C. § 3742(a)(2).

Diaz did not respond to our initial letter notifying him of his right to raise *Booker* claims. We sent a second letter directing Diaz to comment on the applicability of *Booker* to his case, and Diaz responded that he wishes to be resentenced in light of *Booker*. Diaz's failure to raise a *Booker* issue within the time specified in our first letter, while regrettable, "is not fatal" to his appeal. *United States v. Ramirez-Erregun*, 149 Fed. App'x 111, 113 (3d Cir. 2005). Because such claims are "question[s] of law that require[ ] no additional findings of fact," and failure to address them would result in miscarriages of justice, *see United States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005) (en banc) ("[A] defendant's substantial rights may have been affected where the District Court erred by treating the Guidelines as mandatory rather than advisory."), we retain discretion to consider them even if they have been waived. *Ramirez-Erregun*, 149 Fed. App'x at 113 (citing *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005)).

In *United States v. Davis*, we held that defendants sentenced under the mandatory guideline regime whose sentences were on direct appeal when *Booker* was decided are

---

[2] Diaz does not appeal his conviction.

entitled to a remand for resentencing pursuant to *Booker*. *Davis*, 407 F.3d at 165.

Applying *Davis* here, we will vacate Diaz's sentence and remand for resentencing.

_____

4